IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA            )

vs.                                 )    CR. NO. 2:10cr117-WHA

ALEX TERRELL WILLIAMS               )

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #19),

recommending that the Defendant's Motion to Suppress be denied, together with Defendant's

Objections thereto (Doc. #20) and Notice of Supplemental Authority (Doc. #23).

The facts of this case are fully set out in the Magistrate Judge's Report and

Recommendation.  In summary, the motion seeks to suppress a $4,000 roll of currency seized

without a warrant from the Defendant's pocket following a traffic stop and a subsequent

consensual search of the Defendant's car, during which no contraband was found.

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and

thereafter entered his report and recommendation.  In accordance with the law of this Circuit, the

court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including

reading the transcript of the evidentiary hearing, and fully considering the objections and

supplemental authority submitted by the Defendant.  *See Jeffrey S. by Ernest S. v. State Bd. of*

*Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate

judge's proposed findings.  *United States v. Raddatz*, 447 U.S. 667, 680 (1980).  "Credibility

findings of a magistrate judge, 'who personally observed and listened to the testimony of live

witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings,* 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D. Del.1984)).

**Objection No. 7**

At the outset, the court will address the Defendant's Objection 7, that "[t]he Magistrate Judge's finding that the testimony of Officer Sutley was credible, despite the Officer's 2009 termination 'for misconduct due to mishandling seized evidence" (Doc. #19, pp. 3,5; Transcript p.5), mischaracterizes the bases of Officer Sutley's termination and is not due deference from this Court."

The court has reviewed the testimony of Officer Sutley, including his testimony concerning his termination after discussion of four areas of misconduct leading to admonishment.  The Magistrate Judge, of course, heard this evidence and observed the witness at the time it was given.  Defendant argues that the Magistrate Judge's finding of credibility is not entitled to deference because of inconsistencies in testimony, and says that the court should conduct a hearing for the purpose of newly assessing Officer Sutley's credibility.

*De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record.  *Jeffrey S.*, 896 F.2d at 513.  If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings.  *Id.*  Having done that, the court makes an independent factual determination, finds no reason to require a new hearing of witness testimony, and finds no reason to question the Magistrate Judge's assessment

of the evidence.  The court accepts the Magistrate Judge's credibility assessments, and

determines Sutley to be a credible witness.   Therefore, Objection 7 is OVERRULED.


**Objection No. 1 - 5, and 8**

In Objection 1, the Defendant argues that Officer Sutley's continuing detention of the

Defendant, following the completion of the traffic stop and the completion of a consensual

search in which no evidence of drug activity was found, was unreasonable and without probable

cause.  Objection 2 contends that further inquiry into a pants bulge when Sutley knew no weapon

was present, was unreasonable, and Objections 3, 4 and 8 are variations of the argument that the

warrantless search and seizure were unreasonable.  The court will address the objections

together.

While a traffic stop generally must last no longer than is necessary to effectuate the

purpose of the stop, the Eleventh Circuit has held that a police officer's lengthening the detention

for further questioning beyond that related to the initial stop is permissible if the officer "has an

objectively reasonable and articulable suspicion that illegal activity has occurred or is

occurring."  *United States v. Ramirez*, 476 F.3d 1231, 1237 (11th Cir. 2007) (quoting *United

States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999).  In other words, if an officer has

reasonable and articulable suspicion, he may continue to detain and question an individual until

that reasonable suspicion is dispelled.

The court is satisfied from the testimony that Officer Sutley did have reasonable

suspicion, which he articulated, that the Defendant had sold illegal drugs and was in possession

of money obtained from the sale.  Sutley had been told in a telephone call from another officer

that a confidential informant had purchased drugs in a controlled buy from a person seen leaving

the place of sale in a white Lincoln Navigator and was heading toward Atlanta on Interstate 85.

Sutley then saw a white Lincoln Navigator heading toward Atlanta on Interstate 85 driving over

the speed limit and crossing lanes without a turn signal, and made a traffic stop.  After citing the

Defendant, who was driving the car, for the traffic offenses, Sutley made a consensual search of

the car, during which he found no contraband, but noticed the odor of marijuana.  The Defendant

told Sutley that he was driving from Houston to Atlanta, which Sutley testified were two known

hubs for drug acquisition and distribution.  Sutley also noticed a bulge in the Defendant's pants

pocket.  Having been told that the person heading north toward Atlanta in a white Navigator had

sold drugs to a confidential informant, and knowing that he had not located any drugs or money

in the car, Sutley asked the Defendant what was in his pocket.  The Defendant told him that it

was $4,000.   Although the Defendant told him that this money came to him because he was a

record producer, Sutley had the reasonable suspicion that it included money from the recent drug

sale, and seized it.  The court finds this to be objectively reasonable and articulable suspicion

that illegal activity had occurred or was occurring, and fully justified the seizure.  It eventually

turned out that a substantial portion of the money was marked currency used by the confidential

informant in his purchase.  Defendant's Objections 1 - 5, and 8, are OVERRULED.


### Objections No. 6 and 9

Williams's Objections 6 and 9 attack the Magistrate Judge's conclusion that, even if

Sutley violated the Fourth Amendment in seizing Williams's cash, that violation should not

require exclusion of the cash as evidence.  The court finds that it was unnecessary for the

Magistrate Judge to make a finding that the exclusionary rule should not be applied to this evidence even if the seizure had been unreasonable.  Having found that the seizure of the money from the Defendant's pocket was not unreasonable and, therefore, not a constitutional violation, the court declines to adopt that portion of the Recommendation, found on pages 5 and 6, dealing with non-application of the exclusionary rule in this case. Objections 6 and 9 are OVERRULED as moot.

The court agrees with the factual findings of the Magistrate Judge and with his conclusion that the Motion to Suppress is due to be denied.

Therefore, it is hereby ORDERED as follows:

1.  The objections are OVERRULED as set out above.

2.  The court adopts the Recommendation of the Magistrate Judge, with the exception of that part of the Recommendation dealing with the non-necessity of applying the exclusionary rule in this case.

3.  Defendant's Motion to Suppress is DENIED.

DONE this 14th day January, 2011.


 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE